UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:23-CV-08201-CAS-PDx | Date | December 15, 2023 |
| Title | NOEL LUSTIC, M.D., INC. v. GOLDEN EAGLE INSURANCE CORPORATION | | |

| Present: The Honorable | Christina A. Snyder, United States District Judge |
|---|---|

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION TO REMAND ACTION TO LOS ANGELES SUPERIOR COURT (DKT. 10, filed on OCTOBER 20, 2023)

## I. INTRODUCTION & BACKGROUND

On August 21, 2023, plaintiff Noel Lustig, M.D., Inc., d/b/a Psychiatric Medical Group ("Noel Lustig") filed this action against Golden Eagle Insurance Corporation ("Golden Eagle") and Does 1 through 50 in Los Angeles County Superior Court. Dkt. 1-1 ("Compl."). Plaintiff alleges that defendant denied an insurance claim in bad faith and brings claims for: (1) breach of written contract; (2) breach of implied covenant of good faith and fair dealing; (3) declaratory relief; and (4) common counts. Id.

On September 29, 2023, defendant filed an answer to the complaint in Superior Court. Dkt. 1-2. That same day, defendant removed the action to this Court based on diversity jurisdiction. Dkt. 1.

On October 20, 2023, plaintiff filed the instant motion to remand this action to Los Angeles Superior Court. Dkt. 10. On October 30, 2023, defendant filed an opposition to plaintiff's motion to remand and attached a request for judicial notice in support of its opposition. Dkts. 13, 13-3. On November 6, 2023, plaintiff filed a reply in support of its motion to remand. Dkt. 14. That same day, defendant filed a notice of errata because it inadvertently filed its request for judicial notice without the corresponding exhibits. Dkt. 15. In its notice of errata, defendant donant attached a corrected copy of the request for judicial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:23-CV-08201-CAS-PDx | Date | December 15, 2023 |
|---|---|---|---|
| Title | NOEL LUSTIC, M.D., INC. v. GOLDEN EAGLE INSURANCE CORPORATION | | |

notice and the accompanying exhibits.[1]  Id.  On November 10, 2023, plaintiff filed a response to defendant's notice of errata.  Dkt. 16.

On November 20, 2023, the Court held a hearing on plaintiff's motion to remand this action to Los Angeles Superior Court.  That same day, the Court directed the parties to file supplemental briefing and took the matter under submission.  Dkt. 18.  On November 27, 2023, plaintiff filed a supplemental declaration in support of its motion to remand.  Dkt. 19.  On December 7, 2023, defendant filed a supplemental brief in opposition to plaintiff's motion.  Dkt. 20.  Defendant attached to its supplemental brief a request for judicial notice.[2]  Dkt. 20-3.

---

[1] Defendant filed a corrected request for judicial notice in support of its opposition, requesting that the Court take judicial notice of four exhibits.  Dkt. 15.  These include: (1) defendant's "Company Profile" taken from the California Department of Insurance's official website; (2) defendant's "Statement of Information" filed with the State of California Office of the Secretary of State; (3) publicly available "Business Information" page for defendant from the New Hampshire Department of State Secretary of State's website; and (4) an excerpt of defendant's Annual Statement for the Year Ended December 31, 2022, which is filed with the insurance commissioners.  Dkt. 15, Exh. A.  In response to defendant's notice of errata, plaintiff argues that defendant's "exhibits do not advance its position and there is no declaration laying a foundation to authenticat[e] them."  Dkt. 16.  The Court finds that judicial notice of these exhibits is appropriate pursuant to Federal Rule of Evidence 201 because the documents are public records, and as such, "are all publicly available information through the websites of government agencies."  Dkt. 15, Exh. A.

[2] Defendant requests that the Court take judicial notice of four exhibits.  Dkt. 20-3.  These include: (1) defendant's Annual Statement for the Year Ended December 31, 2008, which is filed with the insurance commissioners; (2) defendant's Annual Statement for the Year Ended December 31, 2009, which is filed with the insurance commissioners; (3) defendant's Quarterly Statement for the quarter ending June 30, 2023, which is filed with the insurance commissioners; and (4) defendant's Restated Articles of Incorporation Including Designated Amendments and accompanying Form SRA – Addendum to Business Organization and Registration Forms Statement of Compliance with New Hampshire Securities Laws dated July 8, 2009, "taken from the New Hampshire

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              'O'

| Case No. | 2:23-CV-08201-CAS-PDx | Date | December 15, 2023 |
|---|---|---|---|
| Title | NOEL LUSTIC, M.D., INC. v. GOLDEN EAGLE INSURANCE CORPORATION | | |

Plaintiff's motion to remand this action and the parties' supplemental briefs are presently before the Court. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Virginia A. Phillips, J. & Karen L. Stevenson, J., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 2:3741 (The Rutter Group 2020).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, *supra*, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

---

Department of State of Secretary of State's website." Id. The Court finds that judicial notice of these exhibits is appropriate pursuant to Federal Rule of Evidence 201.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-CV-08201-CAS-PDx | Date | December 15, 2023 |
|---|---|---|---|
| Title | NOEL LUSTIC, M.D., INC. v. GOLDEN EAGLE INSURANCE CORPORATION | | |

### III.  DISCUSSION

Plaintiff does not dispute that defendant's state of incorporation is New Hampshire but argues that defendant's principal place of business is in California, not Massachusetts. Dkt. 14 at 6. According to plaintiff, defendant relies on one paragraph in the "conclusory and unsubstantiated declaration" of Richard P. Quinlan, an Assistant Secretary to defendant and a Deputy General Counsel to Liberty Mutual, to establish that its principal place of business is in Boston, Massachusetts, which is insufficient to meet its burden of establishing diversity jurisdiction. Dkt. 10 at 11; see also Joseph v. Vitas Healthcare Corp. of California, No. 2:19-CV-04987-AB-GJSx, 2019 WL 4053910, at *3 (C.D. Cal. Aug. 27, 2019). Plaintiff objects to Quinlan's declaration "on the grounds that it is not competent evidence" because it is contrary to plaintiff's cited authority, conclusory, vague, and lacks supporting facts. Dkt. 10 at 12.

Further, plaintiff asserts that defendant is "a ninth tier subsidiary of Liberty Mutual Holding Company Inc." Dkt. 14 at 5-6. Plaintiff argues that, even if Liberty Mutual's principal place of business is in Boston, the citizenship of a parent company, such as Liberty Mutual, does not determine the citizenship of a subsidiary, such as defendant. Id. at 6; see also Danjaq, S.A. v. Pathe Commc'ns Corp., 979 F.2d 772, 775 (9th Cir. 1992). According to plaintiff, defendant's declarations raise questions as to whether Boston is the principal place of business of defendant or just Liberty Mutual, and similarly, as to whether the "anonymous corporate officers" are officers of defendant or Liberty Mutual. Dkt. 14 at 7. Plaintiff contends that "[t]he import of these [d]eclarations is that everything is controlled by Liberty Mutual" and that the declarations fail to "set forth any activities actually conducted by [defendant.]" Id. at 8. Plaintiff argues that this case is similar to Mardikian v. Golden Eagle Ins. Corp., No. C 13-02981-WHA, 2013 WL 4532454, at *2 (N.D. Cal. Aug. 26, 2013), where the court found that defendant's sharing an address with Liberty Mutual raised concerns about jurisdictional manipulation. Id. at 12-13.

Additionally, plaintiff asserts that defendant represented itself as a California corporation in a Stipulation and Order in another superior court case in 2018. Dkt. 10 at 12. Plaintiff alleges the final order in that case in 2021, stated that defendant served as the claims administrator for GEI Company, and the California Insurance Commissioner website states to "please contact Adam Woellert of Golden Eagle Insurance Corporation,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:23-CV-08201-CAS-PDx | Date | December 15, 2023 |
|---|---|---|---|
| Title | NOEL LUSTIC, M.D., INC. v. GOLDEN EAGLE INSURANCE CORPORATION | | |

525 B Street, San Diego, CA 92101" for questions regarding claims against GEI Company. Id. at 13; see also Mardikian, 2013 WL 4532454, at *3 ("[T]he presence of in-house counsel in San Diego suggests that San Diego is a place where legal strategy is executed[.]"). According to plaintiff, defendant "was formed to write new insurance business in California as the successor to GEI Company." Dkt. 10 at 15. Plaintiff asserts that defendant also represented itself as a California corporation in lawsuits in 2016 and 2017, such that it may be seeking to manufacture diversity jurisdiction here. Id. at 13-14. Finally, in its supplemental declaration, plaintiff included several pages from LinkedIn that indicate that certain key employees and officers of defendant work in defendant's offices in California and that defendant's headquarters is in San Diego. Dkt. 19.[3]

In opposition, defendant contends that, pursuant to the Hertz "nerve center" test, its principal place of business is in Massachusetts, and specifically, at 175 Berkeley Street. Dkt. 13 at 7; see also Hertz Corp. v. Friend, 559 U.S. 77 (2010). Defendant asserts that Boston is where its board of directors meets, where all of its top corporate officers work, where it maintains its corporate records and books, and where the California Secretary of State recognizes its headquarters. Dkt. 13 at 7-8. Defendant argues that its "conduct[ing] some business in California cannot negate the fact that its 'nerve center' is located in Boston" and that it does not need to present a Massachusetts lease to satisfy the Hertz test. Id. at 8-9. Further, defendant argues that Joseph v. Vitas Healthcare Corp. of California, upon which plaintiff relies to assert that "Quinlan's declaration is insufficient," does not apply here where Quinlan has personal knowledge of the facts in the declaration and provided information beyond merely stating the location of headquarters. Id. at 9-10. Moreover, defendant contends that this Court has found a

---

[3] Plaintiff additionally argues that defendant did not fully comply with the procedural requirements for removal by filing an incomplete petition without the exhibits with Los Angeles Superior Court and by serving the same incomplete petition on plaintiff. Dkt. 10 at 16. It further contends that defendant failed to address the complaint's jurisdictional allegations specifically in its answer. Id. at 17. In opposition, defendant argues that the minor procedural defects in the filing and service of defendant's petition for removal have not prejudiced plaintiff, as plaintiff "has extensively discussed" the missing Quinlan declaration in its timely motion to remand. Dkt. 13 at 14. Moreover, defendant asserts it will cure the minor defects promptly. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               'O'

| Case No. | 2:23-CV-08201-CAS-PDx | Date | December 15, 2023 |
|---|---|---|---|
| Title | NOEL LUSTIC, M.D., INC. v. GOLDEN EAGLE INSURANCE CORPORATION | | |

similar declaration by defendant's Assistant Secretary sufficient to show that defendant's principal place of business is in Boston. Id. at 10; see also Nieves v. Travelers Cas. Ins. Co. of Am., No. 2:14-CV-05536-CAS-VBKx, 2014 WL 12696494, at *4 (C.D. Cal. Sept. 29, 2014).

Defendant additionally argues that the legal matters plaintiff references "have no bearing on [the] determination of diversity in the present action" and predate this action by at least two years. Dkt. 13 at 10. Defendant contends that the Stipulation focuses on the rehabilitation plan for a separate entity, Golden Eagle Insurance Company, and that the 2021 order in the same case only references defendant in the definition of "Liberty Mutual." Id. at 11. It asserts that the proof of loss letter and California Insurance Commissioner webpage referencing "the presence of a single attorney in the state of California to receive insurance claims" does not prove that defendant's principal place of business is in California. Id. Regarding the 2016 complaint and 2017 stipulation for entry of judgment and case management statement, defendant argues that neither document contains a discussion of defendant's operations but instead "contain one line calling [defendant] a California corporation, which is plainly in error." Id. at 13.

Finally, in its supplemental brief, defendant argues that plaintiff relies upon inaccurate and outdated information on a social media account, even though the "[LinkedIn] page itself notifies visitors that they should refer to the Liberty Mutual LinkedIn page or website for the most updated information." Dkt. 20 at 3-4. Defendant asserts that the San Diego address has not been an active office for defendant since 2013, and the two employees whom plaintiff identified as being located in California, no longer work for defendant. Id. at 4-5. Moreover, defendant contends that it "has presented numerous official documents and multiple declarations confirming that in 2009, [it] moved its principal place of business from San Diego to Boston." Id. at 6.

The parties do not dispute that defendant's state of incorporation is New Hampshire. Although plaintiff suggests that the Boston address does not belong to defendant but to Liberty Mutual as the parent company of defendant, it appears to the Court that defendant changed its principal place of business from San Diego, California, to Boston, Massachusetts, in 2009. According to defendant's Statement of Information filed with the State of California Office of the Secretary of State in 2023, its 2009 and 2022 Annual Statements, its Quarterly Statement for the quarter ending June 30, 2023,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:23-CV-08201-CAS-PDx | Date | December 15, 2023 |
|---|---|---|---|
| Title | NOEL LUSTIC, M.D., INC. v. GOLDEN EAGLE INSURANCE CORPORATION | | |

and its Restated Articles of Incorporation Including Designated Amendments and Form SRA dated July 8, 2009, defendant's principal place of business is in Boston, and specifically, at 175 Berkeley Street. Dkt. 15, exhs. 2, 4; dkt. 20-3; exhs. 7, 8, 9. The Court is not persuaded by the LinkedIn pages submitted by plaintiff indicating otherwise. Accordingly, the Court finds that defendant has sufficiently demonstrated that its principal place of business is in Massachusetts and that there is diversity jurisdiction.

### IV.   CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff's motion to remand this action to Los Angeles Superior Court.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |